**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 21, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff‑Appellee,

v.

JOEL KEITH NEWTON,

Defendant‑Appellant.

No. 08-6142
(D.C. No. 5:07-CR-00233-F-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **McCONNELL**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Defendant Joel Keith Newton pleaded guilty to possession of child pornography. In his plea agreement, defendant agreed to waive his right to appeal. Nonetheless, defendant has filed a notice of appeal. The government has now moved to enforce defendant's appeal waiver under *United States v. Hahn*,

---

[*]     This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

Defendant stated in his plea agreement that he "knowingly and voluntarily waives his right to . . . [a]ppeal or collaterally challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction" or "[a]ppeal, collaterally challenge or move to modify . . . his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case." Mot. to Enforce, Attachment 1 (Plea Agreement) at 6. The district court imposed a sentence of 120 months, which was at the maximum statutory penalty of 120 months of incarceration and within the advisory guideline range of 108 to 135 months of incarceration.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 325 F.3d at 1325. The miscarriage-of-justice prong requires the defendant to show (a) his sentence "relied on an impermissible factor such as race"; (b) "ineffective assistance of counsel in connection with the negotiation of the appeal waiver renders the waiver invalid"; (c) his "sentence exceeds the statutory maximum"; or (d) his appeal waiver is otherwise unlawful and the error "seriously affect[s] the fairness,

integrity or public reputation of judicial proceedings." *Id.* at 1327 (quotations omitted). The government's motion addresses these considerations, explaining why none undermines defendant's appeal waiver here.

Defendant concedes that he knowingly and voluntarily entered his plea, including the appeal waiver, and that the sentencing issues to be raised on appeal fall within the scope of his waiver. He contends, however, that the waiver is "otherwise unlawful" under *Hahn's* miscarriage-of-justice prong because he should be able to appeal the district court's reliance on the advisory guidelines for child pornography cases in determining his sentence. Defendant's Response at 3. Defendant contends that the advisory guidelines in child pornography cases "are not the product of careful study by the United States Sentencing Commission" and should have been altogether or largely ignored in his case. *Id.*

Defendant's argument is without merit. The miscarriage-of-justice exception defendant invokes looks to whether "*the waiver* is otherwise unlawful," *Hahn*, 359 F.3d at 1327 (quotation omitted and emphasis added), not whether some other aspect of the proceeding may have involved legal error. Defendant's position that his appeal waiver should be excused due to alleged error in the determination of his sentence entails what *Hahn* noted as "the logical failing[] of focusing on the result of the proceeding, rather than on the right relinquished, in analyzing whether an appeal waiver is [valid]." *Id.* at 1326 n.12. "[T]he relevant question . . . is not whether [defendant's] sentence is

unlawful . . . , but whether . . . his appeal waiver itself [is] unenforceable."
*United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005).

Defendant has not asserted any claim that his appeal waiver itself was unlawful, much less shown that enforcement of the waiver would seriously affect the fairness, integrity, or public reputation of the judicial proceedings.

The government's motion to enforce the waiver is GRANTED and the appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM